1   Patrick D. Webb, Esq., State Bar No. 82857
    **WEBB  CAREY**
2   402 West Broadway Ste 680
    San Diego, Calif. 92101
3   (619) 236-1650

4   Attorneys for Defendants

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10  GEORGE A. BROOKS, BROOKS           )   Case No. 08cv378  BTM NLS
    INDUSTRIES, INC.                   )
11                                     )   **DEFENDANTS' ANSWER TO**
                                       )   **COMPLAINT AND DEFENDANTS'**
12                  Plaintiff,         )   **COUNTERCLAIMS**
                                       )
13  v.                                 )
                                       )
14  MOTSENBOCKER ADVANCED              )
    DEVELOPMENTS, INC.; GREGG A.       )
15  MOTSENBOCKER; SKIP A.              )
    MOTSENBOCKER,                      )
16                                     )
                                       )
17                  Defendants.        )
                                       )
18

19          COME NOW Defendants, MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.;

20  GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, and in response to Plaintiffs'

21  Complaint in the above-captioned matter admit, deny and allege as follows:

22  1.      In response to Paragraph 1 of the Complaint, Defendants lack sufficient information or

23  knowledge to form a belief as to the truth of those allegations and on that basis deny each and

24  every allegation contained in said paragraph.

25  2.      In response to Paragraph 2 of the Complaint, Defendants lack sufficient information or

26  knowledge to form a belief as to the truth of those allegations and on that basis deny each and

27  every allegation contained in said paragraph.

28  3.      In response to Paragraph 3 of the Complaint, Defendants admit the allegations.

4.    In response to Paragraph 4 of the Complaint, Defendants admit the allegations.

5.    In response to Paragraph 5 of the Complaint, Defendants admit the allegations.

6.    In response to Paragraph 6 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

7.    In response to Paragraph 7 of the Complaint, Defendants deny the allegations.

8.    In response to Paragraph 1 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

## BACKGROUND FACTS

9.    In response to Paragraph 9 of the Complaint, Defendants admit the allegations.

10.    In response to Paragraph 10 of the Complaint, Defendants admit the allegations.

11.    In response to Paragraph 11 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

12.    In response to Paragraph 12 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

13.    In response to Paragraph 13 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

14.    In response to Paragraph 14 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

15.    In response to Paragraph 15 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

16.     In response to Paragraph 16 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

17.     In response to Paragraph 17 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

18.     In response to Paragraph 18 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

19.     In response to Paragraph 19 of the Complaint, Defendants deny these allegations.

20.     In response to Paragraph 20 of the Complaint, Defendants admit that they refuse to pay Brooks because they do not owe Brooks any commission.

21.     In response to Paragraph 21 of the Complaint, Plaintiff has already denied the truth of this allegation, by affadavit filed with the Fourtch Circuit Court of Appeal in Brooks v. Mostsenbocker, Case No. 07-1033.

22.     In response to Paragraph 22 of the Complaint, Defendants deny these allegations.

23.     In response to Paragraph 23 of the Complaint, Defendants deny these allegations.

24.     In response to Paragraph 24 of the Complaint, Defendants deny these allegations.

25.     In response to Paragraph 25 of the Complaint, Defendants deny these allegations.

26.     In response to Paragraph 26 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

27.     In response to Paragraph 27 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

28.     In response to Paragraph 28 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

29.     In response to Paragraph 29 of the Complaint, Defendants deny these allegations.

30.     In response to Paragraph 30 of the Complaint, Defendants deny these allegations.

31.     In response to Paragraph 31 of the Complaint, Defendants deny that there was any agreement, and lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

32.     In response to Paragraph 32 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

33.     In response to Paragraph 33 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

34.     In response to Paragraph 34 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

35.     In response to Paragraph 35 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

36.     In response to Paragraph 36 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

37.     In response to Paragraph 37 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

38.     In response to Paragraph 38 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

39.    In response to Paragraph 39 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

40.    In response to Paragraph 40 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

41.    In response to Paragraph 41 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

42.    In response to Paragraph 42 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

43.    In response to Paragraph 43 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

44.    In response to Paragraph 44 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

45.    In response to Paragraph 45 of the Complaint, Defendants admit that Brooks worked as a warehouseman for Mad, Inc., between October 2004 and May 2005, and lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

46.    In response to Paragraph 46 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

47.    In response to Paragraph 47 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

48.    In response to Paragraph 48 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

49.    In response to Paragraph 49 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

50.    In response to Paragraph 50 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

51.    In response to Paragraph 51 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

52.    In response to Paragraph 52 of the Complaint, Defendants deny these allegations.

53.    In response to Paragraph 53 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

54.    In response to Paragraph 54 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

55.    In response to Paragraph 55 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

56.    In response to Paragraph 56 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph. deny these allegations.

57.    In response to Paragraph 57 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

58.     In response to Paragraph 58, if Defendants understand what Plaintiffs mean by the use of the word "Product," the allegation is admitted.

59.     In response to Paragraph 59 of the Complaint, Defendants deny these allegations.

60.     In response to Paragraph 60 of the Complaint, Defendants deny these allegations.

61.     In response to Paragraph 61 of the Complaint, Defendants admit the allegation, but this was not the first time Defendants told Brooks that Motsenbocker Developments would not be paying Brooks any commissions; Brooks Declaration in opposition to Defendants' motion for summary judgment in Case No. 07cv773 concedes that Defendants had continually and totally repudiated the existence of any agreement and any representation by which Brooks claims to be due any commissions since1999.

62.     In response to Paragraph 62 of the Complaint, Defendants admit they have paid no commissions to Brooks, because none were ever owed, and deny that they refused to pay any commissions, since Brooks never had an agreement for commissions, and never made any demand for such commissions until this lawsuit was filed.

63.     In response to Paragraph 63 of the Complaint, Defendants deny these allegations.

## BREACH OF CONTRACT

64.     In response to Paragraph 64 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

65.     In response to Paragraph 65 of the Complaint, Defendants deny the allegations.

66.     In response to Paragraph 66 of the Complaint, Defendants deny the allegations.

## BREACH OF CONTRACT

67.     In response to Paragraph 67 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

68.     In response to Paragraph 68 of the Complaint, Defendants deny the allegations.

69.     In response to Paragraph 69 of the Complaint, Defendants deny the allegations.

**QUANTUM MERUIT**

70.    In response to Paragraph 70 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

71.    In response to Paragraph 71 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

72.    In response to Paragraph 72 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

73.    In response to Paragraph 73 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

**UNJUST ENRICHMENT**

74.    In response to Paragraph 74 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

75.    In response to Paragraph 75 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

76.    In response to Paragraph 76 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

77.    In response to Paragraph 77 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

78.    In response to Paragraph 78 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

79.    In response to Paragraph 79 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

80.    In response to Paragraph 80 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

**PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE**

81.    In response to Paragraph 81 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

82.    In response to Paragraph 82 of the Complaint, Defendants deny the allegations.

83.    In response to Paragraph 83 of the Complaint, Defendants deny these allegations.

84.    In response to Paragraph 84 of the Complaint, Defendants deny the allegations.

85.    In response to Paragraph 85 of the Complaint, Defendants deny the allegations.

86.    In response to Paragraph 86 of the Complaint, Defendants deny the allegations.

**TORT ARISING FROM BREACH OF CONTRACT**

87.    In response to Paragraph 87 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

88.    In response to Paragraph 88 of the Complaint, Defendants deny the allegations.

89.    In response to Paragraph 89 of the Complaint, Defendants deny the allegations.

90.    In response to Paragraph 90 of the Complaint, Defendants deny the allegations.

**MISREPRESENTATION**

91.    In response to Paragraph 91 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

92.    In response to Paragraph 92 of the Complaint, Defendants deny the allegations.

93.    In response to Paragraph 93 of the Complaint, Defendants deny the allegations.

94.    In response to Paragraph 94 of the Complaint, Defendants deny the allegations.

95.    In response to Paragraph 95 of the Complaint, Defendants deny the allegations.

96.    In response to Paragraph 96 of the Complaint, Defendants deny the allegations.

97.    In response to Paragraph 97 of the Complaint, Defendants deny the allegations.

98.    In response to Paragraph 98 of the Complaint, Defendants deny the allegations.

**NEGLIGENT MISREPRESENTATION**

99.    In response to Paragraph 99 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

100.    In response to Paragraph 100 of the Complaint, Defendants deny these allegations, since there was no such agreement.

101.    In response to Paragraph 101 of the Complaint, Defendants deny these allegations, since there was no such agreement.

102.    In response to Paragraph 102 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

103.    In response to Paragraph 103 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

104.    In response to Paragraph 104 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

105.    In response to Paragraph 105 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

106.    In response to Paragraph 106 of the Complaint, Defendants deny these allegations.

107.    In response to Paragraph 107 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

## BREACH OF FIDUCIARY DUTY

108.    In response to Paragraph 108 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

109.    In response to Paragraph 109 of the Complaint, Defendants deny the allegations.

110.    In response to Paragraph 110 of the Complaint, Defendants deny these allegations.

111.    In response to Paragraph 111 of the Complaint, Defendants deny these allegations.

112.    In response to Paragraph 112 of the Complaint, Defendants deny these allegations.

113.    In response to Paragraph 113 of the Complaint, Defendants deny the allegations.

114.    In response to Paragraph 114 of the Complaint, Defendants deny the allegations.

115.    In response to Paragraph 115 of the Complaint, Defendants deny the allegations.

116.    In response to Paragraph 116 of the Complaint, Defendants deny the allegations.

117.    In response to Paragraph 117 of the Complaint, Defendants deny the allegations.

## ACCOUNTING

118.    In response to Paragraph 118 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

119.    In response to Paragraph 119 of the Complaint, Defendants deny these allegations.

120.    In response to Paragraph 120 of the Complaint, Defendants deny the allegations.

121.    In response to Paragraph 121 of the Complaint, Defendants deny the allegations.

**DECLARATORY RELIEF**

122.    In response to Paragraph 122 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

123.    In response to Paragraph 123 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

124.    In response to Paragraph 124 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

125.    In response to Paragraph 125 of the Complaint, Defendants deny the allegations.

126.    In response to Paragraph 126 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

**BREACH OF CONTRACT**

127.    In response to Paragraph 127 of the Complaint, Defendants lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

128.    In response to Paragraph 128 of the Complaint, Defendants deny the allegations.

129.    In response to Paragraph 129 of the Complaint, Defendants deny the allegations.

**FIRST AFFIRMATIVE DEFENSE**

As and for a First, alternative and affirmative defense, Defendants allege that each and every claim for relief set forth in the Complaint fails to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

As and for a Second, alternative and affirmative defense, Defendants alleges that each and every claim for relief set forth in the Complaint is barred by the applicable statute of limitations, including, without limitation, Code of Civil Procedure Sections 337, 338, 339 and 340.

**THIRD AFFIRMATIVE DEFENSE**

As and for a Third, alternative and affirmative defense, Defendants allege that each of Plaintiff's actions set forth in the Complaint are barred by the doctrine of laches and that Plaintiff unreasonably delayed the commencement of this action, thereby unduly prejudicing Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

As and for a fourth, alternative and affirmative defense, Defendants allege that Plaintiff's claims set forth in the Complaint are barred by the doctrines of estoppel and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

As and for a fifth, alternative and affirmative defense, Defendants allege, without admitting any allegations in the Complaint, that if any Defendants is liable to any Complainant, then that Defendants is entitled to offset such liability against any liability of Complainants to that Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

As for a sixth, alternative and affirmative defense, Defendants allege, without admitting any allegations in the Complaint, that any of the damages incurred by Complainants, if any at all, were incurred as a proximate result of Complainants' and/or their agents', assigns', and/or employees' own negligence, acts, and/or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

As for a seventh, alternative and affirmative defense, Defendants allege that Complainant failed to exercise reasonable care to protect against the type of damages and incidents alleged in the Complaint.  If any such damage has occurred, it was proximately and legally caused, in some or a portion, up to the whole thereof, as the result of Complainant's failure to exercise reasonable care to protect themselves, including, without limitation, those facts which are known to or within the diligent attention and observation of Complainant and/or their agents or employees.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth, alternative and affirmative defense, Defendants allege that in the event any such damage has been sustained by Complainant, it was proximately and legally caused, in some or a portion, to the whole thereof, by the negligence of Complainant, and/or

their agents and/or employees, and therefore, any judgment or award entered against any Cross-Defendant must be reduced according to law in proportion to the comparative negligence of Complainant.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth, alternative and affirmative defense, Defendants allege, without admitting any allegations in the Complaint, that Defendants actions or inactions, if any at all, were not the sole, legal or proximate cause of the incident upon which liability is based or damages are awarded, if any at all, and accordingly, any damages awarded must be apportioned according to the respective fault of the parties, persons or entities whether agents, assigns, servants and/or employees, who contributed to or caused the alleged incident or damages to be determined according to proof at the time of trial.

### TENTH AFFIRMATIVE DEFENSE

As and for a tenth, alternative and affirmative defense, Defendants allege, without admitting any allegations in the Complaint, that Complainant consented, to the alleged events, occurrences and happenings which are the subject of this lawsuit.  Accordingly, Complainant's damages, if any, were proximately caused by their actions, and are therefore barred from recovery for damages, if any, on any of his purported causes of action.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh, alternative and affirmative defense, Defendants allege that the Complaints should be barred on the ground that in the event Complainant is adjudged to have sustained any damages or injuries, said responsibility for those damages and injuries is vested with the persons, other than Defendants, who are the superseding cause of Complainant's damages and injuries, and therefore, are solely and exclusively liable for Complainant's alleged damages and injuries.

### TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth, alternative and affirmative defense, Defendants allege that the Complaints should be barred on the ground that Complainant assumed the risk, if any, of the alleged events, occurrences and happenings which are the subject of this lawsuit.  Accordingly,

Complainant' damages, if any, were proximately caused by his actions, and are therefore barred from recovery for damages, if any, on any of his purported causes of action.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, alternative and affirmative defense, Defendants allege that the Complaints should be barred on the ground that if Complainant sustained any damages which were the proximate result of the allegations set forth in the Complaint, then Complainant failed to mitigate those damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for an fourteenth, alternative and affirmative defense, Defendants allege that the Complaint sets forth allegations seeking alternative and inconsistent remedies, and in the event that Complainant is awarded a judgment based on the allegations of the Complaint, then Complainant must elect their remedy accordingly.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, alternative and affirmative defense, Defendants allege that Complainant, their agents, representatives and/or employees, have or had unclean hands with respect to the matters alleged in the Complaint and on that basis are barred from obtaining any and all of the relief sought therein.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth, alternative and affirmative defense, Defendants allege that Complainant, their agents, representatives and/or employees, engaged in improper and bad faith conduct and thus any recovery by Complainant is barred or reduced proportionately to reflect such conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth, alternative and affirmative defense, Defendants allege that Complainant have suffered no loss, damage, injury or harm as a result of any conduct, actions, inactions, or agreements by these answering Defendants as alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a eighteenth, alternative and affirmative defense, Defendants allege that they did not enter into any arrangement, understanding, agreement or conspiracy, among themselves, or with any other co-Defendants, designed to cause loss, damage, injury or harm to Complainant as alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth, alternative and affirmative defense, Defendants allege that they have not been unjustly enriched as a result of any conduct, actions, inactions, or agreements alleged in the Complaint; therefore, Complainant is not entitled to the relief sought in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for a twentieth, alternative and affirmative defense, Defendants allege that Complainant fail to allege any continuing and irreparable harm so as to warrant injunctive relief.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a twenty-first, alternative and affirmative defense, Defendants allege that Complainant have an adequate remedy at law and is therefore not entitled to equitable relief.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a twenty-second, alternative and affirmative defense, Defendants allege that Complainant's Complaint, and each and every allegation therein, fails to state facts sufficient to entitle Complainant to recover an award of attorney's fees against these answering Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a twenty-third, alternative and affirmative defense, Defendants allege that Complainant's Complaint, and each and every allegation therein, fails to state facts sufficient to entitle Complainant to recover an award of punitive damages against these answering Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a twenty-fourth, alternative and affirmative defense, Defendants presently have insufficient knowledge or information upon which to form a belief whether they may have

1  additional, as yet unstated, affirmative defenses. These answering Defendants reserve their right

2  to assert additional affirmative defenses in the event discovery indicates that additional

3  affirmative defenses are appropriate.

4  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

5  As and for a twenty-fifth, alternative and affirmative defense, Defendants allege that they

6  did not enter into any agreement, orally or otherwise, with Complainant for any purpose as

7  alleged in the Complaint.

8  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

9  As and for a twenty-sixth, alternative and affirmative defense, Defendants allege that

10  they are not third party beneficiaries of any agreement to which Complainant are parties, as

11  alleged in the Complaint.

12  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

13  As and for a twenty-seventh, alternative and affirmative defense, Defendants allege that

14  Complainant breached any alleged agreement they claim to have entered into for the benefit of

15  Defendants.

16  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

17  As and for a twenty-eighth, alternative and affirmative defense, Defendants allege that

18  they did not accept any professional services from Complainant, as alleged in the Complaint.

19  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

20  As and for a twenty-ninth, alternative and affirmative defense, Defendants allege that the

21  professional services allegedly rendered by Complainant were performed for other clients of

22  Complainant, and not for Defendants.

23  **THIRTIETH AFFIRMATIVE DEFENSE**

24  As and for a thirtieth, alternative and affirmative defense, Defendants allege that no

25  account was stated in writing by and between Complainant and Defendants, and that the alleged

26  account was actually stated in writing by and between Complainant and other clients, who are

27  not the Defendants.

28

1    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2        As and for a thirty-first, alternative and affirmative defense, Defendants allege that they

3    have no implied in fact agreement with Complainant as alleged in the Complaint.

4    **DEFENDANTS' COUNTERCLAIMS FOR INTERFERENCE WITH PROSPECTIVE**

5    **ECONOMIC ADVANTAGE, UNFAIR COMPETITION, NEGLIGENCE AND**

6    **DECLARATORY RELIEF**

7        COME NOW Defendants, MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.;

8    GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, as Counter-Claimants, and

9    allege:

10        130.    Counter-Claimants, at all times relevant, were residents of the State of California.

11        131.    Counter-Claimants are informed and believe and thereon allege that Plaintiff,

12    GEORGE BROOKS (hereinafter "Brooks") is, and at all times relevant was, an individual

13    residing in the State of Maryland.

14        132.    Counter-Claimants are informed and believe and thereon allege that Plaintiff,

15    BROOKS INDUSTRIES INC., is, and at all times relevant was,  a corporation organized under

16    the laws of the State of Maryland, with its principal place of business located within the State of

17    Maryland.

18        133.    Counter-Claimants are ignorant of the true names and capacities of Counter-

19    Defendants sued herein as ROES 1 through 10, inclusive, and therefore sue these Counter-

20    Defendants by such fictitious names.  Counter-Claimants will amend this Cross-Complaint to

21    allege their true names and capacities when ascertained.  Counter-Claimants are informed and

22    believe and thereon allege that at all times relevant each of the Counter-Defendants was the

23    agent of the remaining Counter-Defendants and Plaintiffs and in doing the things alleged herein

24    was acting within the course and scope of such agency.

25    **FIRST CAUSE OF ACTION**

26    **(For Interference with Prospective Economic Relations**
**As Against All Plaintiffss)**

27

28        134.    Counter-Claimants refer to and reallege paragraphs 1 through 3, inclusive, of this

Counterclaim, and incorporate the same herein by reference as though fully set forth.

135.     At all times relevant, Counter-Claimants and Motsenbocker Advanced Developments, Inc. had enjoyed and economically benefitted from their relationships with persons seeking to utilize their business services, including, but not limited to, Home Depot, Loew's, Ace Hardware, True-Value Hardware, Sherwin Williams, Inc., and their customers, franchisees, affiliates, and/or distributees.

136.     Plaintiffs knew of the aforesaid actual and prospective relationships between Counter-Claimants and Motsenbocker Advanced Developments, Inc., on the one hand, and the above-described persons seeking to or presently utilizing their business services.

137.     Plaintiffs intentionally interfered with Counter-Claimants and Motsenbocker Advanced Developments, Inc.'s aforesaid existing and prospective economic relationships, to wit:

(a) By falsely representing that Plaintiffs were representatives of Counter-Claimants and Motsenbocker Advanced Developments, Inc., to those with which they had prospective economic relations;

(b) By falsely representing that Plaintiffs had a protectable interest in certain Motsenbocker Advanced Developments, Inc. products, to those with which Counter-Claimants and Motsenbocker Advanced Developments, Inc. had prospective economic relations

(c) Counter-Claimants are informed and believe and thereon allege that said Plaintiffs, and each of them, intentionally interfered with the aforesaid prospective economic relations of Counter-Claimants and Motsenbocker Advanced Developments, Inc. in other and further ways not presently known to Counter-Claimants.  When the true extent of the acts of interference on the part of said Plaintiffs are ascertained, Counter-Claimants will seek leave of this Court to amend this Counterclaim accordingly.

138.     As a direct result of Plaintiffs' false representations, those with whom Counter-Claimants and Motsenbocker Advanced Developments, Inc. have prospective economic relations, have reduced and/or refused to conduct any further business with Counter-Claimants and Motsenbocker Advanced Developments, Inc.

139.    The acts, false representations, and conduct of said Plaintiffs successfully interfered with, and greatly disrupted Counter-Claimants and Motsenbocker Advanced Developments, Inc.'s prospective economic relations with existing customers which damaged them financially.  As a direct and proximate result of the intentional interference with Counter-Claimants and Motsenbocker Advanced Developments, Inc.'s prospective economic relations on the part of Plaintiffs, and each of them, Counter-Claimants and Motsenbocker Advanced Developments, Inc. have sustained, and will continue to sustain, monetary damages in an amount in excess of the $75,000.00 jurisdictional threshold in this court, to be determined according to proof at time of trial.

140.    The aforementioned acts of Plaintiffs, and each of them, were wilful, wanton, malicious and oppressive, and were undertaken by them with the intent to injure Counter-Claimants and constituted despicable conduct that subjected Counter-Claimants to cruel and unjust hardship in conscious disregard of their rights so as to justify an award of punitive and exemplary damages pursuant to California Civil Code Section 3294.

## SECOND CAUSE OF ACTION

### (For Unfair Business Practices As Against All Plaintiffs)

141.    Counter-Claimants refer to and reallege paragraphs 1 through 10, inclusive, of this Counterclaim, and incorporate the same herein by reference as though fully set forth.

142.    Plaintiffs' conduct, as alleged above, is a part of a general business practice of Plaintiffs designed and intended to eliminate business competition and to prevent their competitors, like the Counter-Claimants from earning a livelihood in a same or similar business. Counter-Claimants are informed and believe and thereon allege that Plaintiffs' conduct, including the conduct described herein above, violates the fundamental rules of fair dealing, was committed by Plaintiffs with the intent to and for the purpose of injuring Motsenbocker Advanced Developments, Inc. and preventing it from fairly competing with Plaintiffs, and was further done with the improper intent to harm Motsenbocker Advanced Developments, Inc., and motivated by personal financial gain.

143.    Counter-Claimants are informed and believe and on that basis allege that Plaintiffs' conduct as alleged herein above constitutes unlawful, unfair, and fraudulent business practices within the meaning of Business and Professions Code Section 17200 et seq.  Said conduct further violates public policy and is unethical, fraudulent, oppressive, and injurious to consumers and persons seeking to utilize the business services of Motsenbocker Advanced Developments, Inc. and others similarly situated.

144.    As a direct and proximate result of the foregoing described unfair business practices committed by Plaintiffs, Counter-Claimants and Motsenbocker Advanced Developments, Inc. has suffered general damages to its reputation in an amount in excess of the $75,000 jurisdictional threshold of this court, to be determined according to proof at time of trial.

145.    The foregoing described unfair business practices were despicable and were committed by Plaintiffs with malice, fraud and/or oppression, as defined under Civil Code Section 3294, and were done willfully and with the intent to cause injury to Counter-Claimants and Motsenbocker Advanced Developments, Inc..  Said Plaintiffs consciously disregarded Motsenbocker Advanced Developments, Inc.'s rights, thereby warranting the imposition and award of punitive and exemplary damages in an amount appropriate to punish Plaintiffs and deter others from engaging in similar misconduct.

### THIRD CAUSE OF ACTION

### (for Negligence against all Plaintiffs)

146.    Counter-Claimants re-allege and refer to the allegations of Paragraphs 1 through 15 of this Counterclaim, which are incorporated herein by reference, and alternatively plead as follows:

147.    Counter-Claimants are informed and believe and thereon allege, that Plaintiffs breached their duty to Counter-Claimants by negligently acting in the manner set forth in the allegations incorporated herein.

148.    Counter-Claimants have suffered general and consequential damages proximately caused by the Plaintiffs' negligence in an amount in excess of the $75,000.00 jurisdictional threshold of this court, subject to proof at the time of trial.

**FOURTH CAUSE OF ACTION**

**(for Declaratory Relief against all Plaintiffs)**

149.  Counter-Claimants re-allege and refer to the allegations of Paragraph 1 through 18 of this Counter-Claim and incorporate them as though set forth at length herein, and alternatively plead as follows:

150.  An actual controversy has arisen and now exists between Plaintiffs and Counter-Claimants regarding their respective rights, duties and obligations in that Counter-Claimants contend that Plaintiffs are liable to Counter-Claimants for damages caused by interference with prospective economic advantage, unfair business practices, and negligence, by the Plaintiffs, who deny such duty and damages to Counter-Claimants.

151.  Counter-Claimants desire a judicial determination of the respective rights of Counter-Claimants and Plaintiffs and in particular desire a declaration of Plaintiffs' responsibility to pay for damages caused by interference with prospective economic advantage, unfair business practices, and negligence, by the Plaintiffs.

152.  Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to each other.

**WHEREFORE**, the Defendants pray:

1.      That Plaintiffs' Complaint be dismissed;

2.      That judgment be entered for Defendants and against Plaintiffs;

3.      That the Defendants recover from Plaintiffs attorneys fees and costs of suit incurred herein; and

4.      For such other and further relief as this Court deems just and proper.

**WHEREFORE**, Counter-Claimants pray for judgment as follows:

1.      For actual and/or special damages in an amount to be determined according to proof at time of trial;

2.      For general damages in an amount to be determined according to proof at time of trial;

3.      For an award of punitive and exemplary damages to be determined according to proof at time of trial;

4.      For an award of interest on all sums awarded;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

**DEFENDANTS HEREBY DEMAND A JURY TRIAL.**

Dated: August 1, 2008                              **WEBB & CAREY**


                                                   /s/ Patrick. D. Webb
                                                   Patrick D. Webb
                                                   Attorneys for Defendants

1

**DECLARATION OF SERVICE**

2
    I, the undersigned, certify as follows:

3
    I am a citizen of the United States, a resident of the County of San Diego, State of California, over the age of eighteen years, and not a party to the within action.

4

5
    I am employed by **WEBB & CAREY**, 401 B STREET SUITE 306, San Diego, California 92101.

6
    On August 1, 2008, I served the within:

7
**DEFENDANTS' ANSWER TO COMPLAINT AND DEFENDANTS' COUNTERCLAIMS**

8

9
upon the parties interested in said action, by CM/ECF NEF mail notification upon the following parties and counsel at the following addresses:

10
Peter Shenas, Esq.
The Law Offices of Peter Shenas

11
750 B Street, Ste 2510
San Diego, CA 92101

12
fax 619-795-7783

13
    I declare under penalty of perjury under the laws of the State of California that the

14
foregoing is true and correct.  Executed on August 1, 2008, at San Diego, California.

15

16
                /s/ Patrick D. Webb
                Patrick D. Webb

17

18

19

20

21

22

23

24

25

26

27

28