1  Peter Shenas, Esq. (SBN 029348)
   THE LAW OFFICES OF PETER SHENAS
2  750 B Street, Suite 2510
   San Diego, California 92101
3  Telephone: (619) 236-1828
   Facsimile: (619) 795-7783
4
   Attorneys for George A. Brooks;
5  Brooks Industries, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 | GEORGE A. BROOKS; BROOKS          ) Case No. 08cv378 BTM NLS
   | INDUSTRIES, INC.                  )
11 |                                   )
   |                                   ) **REPLY OF PLAINTIFFS TO**
12 |       Plaintiffs,                 ) **DEFENDANTS' COUNTERCLAIMS FOR**
   |                                   ) **INTERFERENCE WITH PROSPECTIVE**
13 |       vs.                         ) **ECONOMIC ADVANTAGE, UNFAIR**
   |                                   ) **COMPETITION, NEGLIGENCE AND**
14 | MOTSENBOCKER ADVANCED             ) **DECLARATORY RELIEF**
   | DEVELOPMENTS, INC.; GREGG A.      )
15 | MOTSENBOCKER; SKIP A.             )
   | MOTSENBOCKER                      )
16 |                                   ) Judge: Barry Ted Moskowitz
   |                                   )
17 |       Defendants.                 )
   |                                   )
18 |_____)
   |                                   )
19 | MOTSENBOCKER ADVANCED             )
   | DEVELOPMENTS, INC.; GREGG A.      )
20 | MOTSENBOCKER; SKIP A.             )
   | MOTSENBOCKER                      )
21 |                                   )
   |       Counter-Claimants,          )
22 |                                   )
   |       vs.                         )
23 |                                   )
   | GEORGE A. BROOKS; BROOKS          )
24 | INDUSTRIES, INC.                  )
   |                                   )
25 |       Counter-Defendants.         )
   |                                   )
26 |_____)

27  ///

28  ///

                                    1
                                                        08cv378 BTM NLS
                               Reply of Plaintiffs to Defendants' Counterclaims

Come now Plaintiffs and Counter-Defendants, George A. Brooks, and Brooks Industries, Inc., and in reply to the Counterclaims of Defendants and Counter-Claimants Motsenbocker Advanced Developments, Inc, Gregg A. Motsenbocker, and Skip A. Motsenbocker, admit, deny and allege as follows:

1. In response to Paragraph 130 admit that Defendants Gregg Motsenbocker and Skip A. Motsenbocker, at all times relevant, were residents of the State of California; deny each and every other allegation.

2. In response to Paragraph 131 of the Counterclaim, admit the allegations.

3. In response to Paragraph 132 of the Counterclaim, admit the allegations.

4. In response to Paragraph 133 of the Counterclaim, deny the allegations.

**FIRST CAUSE OF ACTION**

1. In response to Paragraph 134 of the Counterclaim, Plaintiffs assume that the reference to paragraphs 1 through 3 was inadvertent, and that the intended reference was to paragraphs 130 through 133, and based on that assumption respond as follows: Plaintiffs incorporate herein by reference their responses to paragraphs 130 through 133 above.

2. In response to Paragraph 135 of the Counterclaim, Plaintiffs lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

3. In response to Paragraph 136 of the Counterclaim, Plaintiffs lack sufficient information or knowledge to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained in said paragraph.

4. In response to Paragraph 137 of the Counterclaim, deny the allegations.

5. In response to Paragraph 138 of the Counterclaim, deny the allegations.

6. In response to Paragraph 139 of the Counterclaim, deny the allegations.

7. In response to Paragraph 140 of the Counterclaim, deny the allegations.

///
///

## SECOND CAUSE OF ACTION

8. In response to Paragraph 141 of the Counterclaim, Plaintiffs assume that the reference to paragraphs 1 through 10 was inadvertent, and that the intended reference was to paragraphs 130 through 140, and based on that assumption respond as follows: Plaintiffs incorporate herein by reference their responses to paragraphs 130 through 140 above.

9. In response to Paragraph 142 of the Counterclaim, deny the allegations.

10. In response to Paragraph 143 of the Counterclaim, deny the allegations.

11. In response to Paragraph 144 of the Counterclaim, deny the allegations.

12. In response to Paragraph 145 of the Counterclaim, deny the allegations.

## THIRD CAUSE OF ACTION

13. In response to Paragraph 146 of the Counterclaim, Plaintiffs assume that the reference to paragraphs 1 through 15 was inadvertent, and that the intended reference was to paragraphs 130 through 145, and based on that assumption respond as follows: Plaintiffs incorporate herein by reference their responses to paragraphs 130 through 145 above.

14. In response to Paragraph 147 of the Counterclaim, deny the allegations.

15. In response to Paragraph 148 of the Counterclaim, deny the allegations.

## FOURTH CAUSE OF ACTION

16. In response to Paragraph 149 of the Counterclaim, Plaintiffs assume that the reference to paragraphs 1 through 18 was inadvertent, and that the intended reference was to paragraphs 130 through 148, and based on that assumption respond as follows: Plaintiffs incorporate herein by reference their responses to paragraphs 130 through 148 above.

17. In response to Paragraph 150 admit that a controversy exists; deny each and every other allegation contained therein.

///

///

**FIRST AFFIRMATIVE DEFENSE**

As and for a First, alternative and affirmative defense, Plaintiffs allege that each and every claim for relief set forth in the Counterclaims fails to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

As and for a Second, alternative and affirmative defense, Plaintiffs allege that each and every claim for relief set forth in the Counterclaims is barred by the applicable statute of limitations, including, without limitation, Code of Civil Procedure Sections 337, 338, 339 and 340.

**THIRD AFFIRMATIVE DEFENSE**

As and for a Third, alternative and affirmative defense, Plaintiffs allege that each of Counterclaimants' actions are barred by the doctrine of laches and that Defendants unreasonably delayed the assertion of the claims contained in their Counterclaims, thereby unduly prejudicing Plaintiffs..

**FOURTH AFFIRMATIVE DEFENSE**

As and for a fourth, alternative and affirmative defense, Plaintiffs allege that Defendants' claims set forth in the Counterclaims are barred by the doctrines of estoppel and waiver.

**FIFTH AFFIRMATIVE DEFENSE**

As and for a fifth, alternative and affirmative defense, Plaintiffs allege, without admitting any allegations in the Counterclaims, that if any Plaintiffs are liable to any Defendant, then that Plaintiffs are entitled to offset such liability against any liability of Plaintiffs to the Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

As for a sixth, alternative and affirmative defense, Plaintiffs allege, without admitting any allegations in the Counterclaims, that any of the damages incurred by Defendants, if any at all, were incurred as a proximate result of Defendants' and/or their agents', assigns', and/or employees' own negligence, acts, and/or omissions.

///

**SEVENTH AFFIRMATIVE DEFENSE**

As for a seventh, alternative and affirmative defense, Plaintiffs allege that Defendants failed to exercise reasonable care to protect against the type of damages and incidents alleged in the Counterclaims. If any such damage has occurred, it was proximately and legally caused, in some or a portion, up to the whole thereof, as the result of Defendants' failure to exercise reasonable care to protect themselves, including, without limitation, those facts which are known to or within the diligent attention and observation of Defendants' and/or their agents or employees.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth, alternative and affirmative defense, Plaintiffs allege that in the event any such damage has been sustained by Defendants, it was proximately and legally caused, in some or a portion, to the whole thereof, by the negligence of Defendants and/or their agents and/or employees, and therefore, any judgment or award entered against any Plaintiffs must be reduced according to law in proportion to the comparative negligence of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth, alternative and affirmative defense, Plaintiffs allege, without admitting any allegations in the Counterclaims, that Plaintiffs actions or inactions, if any at all, were not the sole, legal or proximate cause of the incident upon which liability is based or damages are awarded, if any at all, and accordingly, any damages awarded must be apportioned according to the respective fault of the parties, persons or entities whether agents, assigns, servants and/or employees, who contributed to or caused the alleged incident or damages to be determined according to proof at the time of trial.

**TENTH AFFIRMATIVE DEFENSE**

As and for a tenth, alternative and affirmative defense, Plaintiffs allege, without admitting any allegations in the Counterclaims, that Defendants consented to the alleged events, occurrences and happenings which are the subject of the Counterclaims. Accordingly, Defendants' damages, if any, were proximately caused by their actions, and

are therefore barred from recovery for damages, if any, on any of their purported causes of action.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh, alternative and affirmative defense, Plaintiffs allege that the Defendants should be barred on the ground that in the event Defendants are adjudged to have sustained any damages or injuries, said responsibility for those damages and injuries is vested with the persons, other than Plaintiffs, who are the superseding cause of Defendants' damages and injuries, and therefore, are solely and exclusively liable for Defendants' alleged damages and injuries.

### TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth, alternative and affirmative defense, Plaintiffs allege that the Defendants should be barred on the ground that Defendants assumed the risk, if any, of the alleged events, occurrences and happenings which are the subject of the Counterclaims. Accordingly, Defendants' damages, if any, were proximately caused by their actions, and are therefore barred from recovery for damages, if any, on any of their purported causes of action.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, alternative and affirmative defense, Plaintiffs allege that the Defendants should be barred on the ground that if Defendants sustained any damages which were the proximate result of the allegations set forth in the Counterclaims, then Defendants failed to mitigate those damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for an fourteenth, alternative and affirmative defense, Plaintiffs allege that the Counterclaims set forth allegations seeking alternative and inconsistent remedies, and in the event that Defendants are awarded a judgment based on the allegations of the Counterclaims, then Defendants must elect their remedy accordingly.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, alternative and affirmative defense, Plaintiffs allege that

1 Defendants, their agents, representatives and/or employees, have or had unclean hands
2 with respect to the matters alleged in the Counterclaims and on that basis are barred from
3 obtaining any and all of the relief sought therein.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth, alternative and affirmative defense, Plaintiffs allege that Defendants, their agents, representatives and/or employees, engaged in improper and bad faith conduct and thus any recovery by Defendants are barred or reduced proportionately to reflect such conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth, alternative and affirmative defense, Plaintiffs allege that Defendants have suffered no loss, damage, injury or harm as a result of any conduct, actions, inactions, or agreements by these replying Plaintiffs as alleged in the Counterclaims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for a eighteenth, alternative and affirmative defense, Plaintiffs allege that they did not enter into any arrangement, understanding, agreement or conspiracy among themselves designed to cause loss, damage, injury or harm to Defendants as alleged in the Counterclaims.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for a nineteenth, alternative and affirmative defense, Plaintiffs allege that they have not been unjustly enriched as a result of any conduct, actions, inactions, or agreements alleged in the Counterclaims; therefore, Defendants are not entitled to the relief sought in the Counterclaims.

### TWENTIETH AFFIRMATIVE DEFENSE

As and for a twentieth, alternative and affirmative defense, Plaintiffs allege that Defendants have an adequate remedy at law and are therefore not entitled to equitable relief.

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for a twenty-first, alternative and affirmative defense, Plaintiffs allege that Defendants' Counterclaims, and each and every allegation therein, fail to state facts sufficient to entitle Defendants to recover an award of attorney's fees against these replying Plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for a twenty-second, alternative and affirmative defense, Plaintiffs allege that Defendants Counterclaims, and each and every allegation therein, fail to state facts sufficient to entitle Defendants to recover an award of punitive damages against these replying Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for a twenty-third alternative and affirmative defense, Plaintiffs presently have insufficient knowledge or information upon which to form a belief whether they may have additional, as yet unstated, affirmative defenses. These replying Plaintiffs reserve their right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for a twenty-fourth, alternative and affirmative defense, Plaintiffs allege that they did not enter into any agreement, orally or otherwise, with Defendants for any purpose as alleged in the Counterclaims.
.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for a twenty-fifth, alternative and affirmative defense, Plaintiffs allege that Defendants breached any alleged agreement they claim to have entered into for the benefit of Plaintiffs.

Wherefore, Plaintiffs pray:

1. That Defendants take nothing by their Counterclaims;

  2. That Plaintiffs be awarded attorneys fees and costs of suit incurred herein.; and

  3. For such other and further relief as the Court deems just.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL.**

Dated: August 25, 2008    By: s/ Peter Shenas
           Peter Shenas, Esq.
           Attorney or George A. Brooks;
           Brooks Industries, Inc.

08cv378 BTM NLS
Reply of Plaintiffs to Defendants' Counterclaims

**PROOF OF SERVICE**

I, Peter Shenas declare that:

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the action. My business address is 750 B Street, Suite 2510, San Diego, California 92101.

On August 25, 2008, I caused to be served the following document(s):

**REPLY OF PLAINTIFFS TO DEFENDANTS' COUNTERCLAIMS FOR INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, UNFAIR COMPETITION, NEGLIGENCE AND DECLARATORY RELIEF**

Notice will be delivered to:

    Patrick D Webb, Esq.
    Webb and Carey
    *Attorney for Mostsenbocker Advanced Developments, Inc.; Gregg Motsenbocker; Skip Motsenbocker.*

XXX   BY ELECTRONIC SUBMISSION of the document(s) via Portable Document Format (.pdf), by uploading such documents using court's CM/ECF system case filing which automatically generates a Notice of Electronic Filing or NEF which allows registered e-filers to retrieve the document(s) automatically.

XXX   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 25, 2008, at San Diego, California.

                              By:  s/ Peter Shenas
                                   Peter Shenas, Esq.
                                   Attorney or George A. Brooks;
                                   Brooks Industries, Inc.