Peter Shenas, Esq. (SBN 029348)
THE LAW OFFICES OF PETER SHENAS
750 B Street, Suite 2510
San Diego, California 92101
Telephone: (619) 236-1828
Facsimile: (619) 795-7783
Email: peter@shenaslaw.com

Michael J. Trevelline, *Pro Hoc Vice*
1823 Jefferson Place, NW
Washington, DC  20036-2504
Tel (202) 737-1139 Fax (202) 775-1118
Email:  mjt@mjtlegal.com

Attorneys for Plaintiffs George A. Brooks & Brooks Industries, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS, ET AL <br><br> Plaintiffs, <br><br> vs. <br><br> MOTSENBOCKER ADVANCED DEVELOPMENTS, INC. ET AL <br><br> Defendants. | Case No. 2008 CV 0378 BTM (NLS) <br> Judge Barry Ted Moskowitz <br> Magistrate Judge Nita L. Stormes <br><br> Date:  26 September 2008 <br> Time:  11:00 a.m. <br> Judge Barry Ted Moskowitz <br><br> **Memorandum of Points & Authorities in Opposition to Defendants Gregg and Skip Motsenbocker's Motion for Summary Judgment** |

### I.   Personal Liability of Corporate Officers

   Gregg & Skip Motsenbocker argue that when making

misrepresentations to Plaintiffs they were acting in the scope of

their employment and so cannot be held liable.   (Memorandum in

1

Support of Summary Judgment Motion at 7.)  They also argue that they never received any personal benefit from Plaintiffs efforts and so cannot be held liable.

The counts against these individual defendants are for tort arising from breach of contract (Count VI), misrepresentation (Count VII), negligent misrepresentation (Count VIII), and breach of fiduciary duties (Count IX).  (All references are to the original complaint since the Court has not yet ruled on Plaintiffs' motion to amend the complaint.)

The principle of when a corporate officer can be held personally liable under these counts is well established.  "[A] corporate officer or director who engages in tortious conduct is personally liable for the tort, notwithstanding the fact that the officer may have acted on behalf of the corporation.  See, e.g., In re Interstate Agency, Inc., 760 F.2d 121, 125 (6th Cir. 1985); see also Bischofshausen, Vasbinder and Luckie v. D.W. Jaquays Mining and Equipment Contractors Co., 145 Ariz. 204, 700 P.2d 902, 909 (App. 1985).  This principle applies regardless of the piercing of the corporate veil."  In Re Baird v. Baird, 114 B.R. 198, 204; 1990 Bankr. LEXIS 1038; 22 Collier Bankr. Cas. (MB) 1599 (9th Cir. Bankr. Panel 1990) (breach of fiduciary duty claim allowed to go forward against corporate officers personally).  The Ninth Circuit has stated the principle in a fuller form as well:

> It is an established principle of corporations law that corporate directors are not liable merely by virtue of their office for fraud or other tortious wrongdoing committed by the corporation or its officers. See, e.g., Bischofshausen, Vasbinder & Luckie v. D.W. Jaquays Mining and Equipment Contractors Co., 145 Ariz. 204, 700 P.2d 902, 908-09 (Ariz. App. 1985); Speer v. Dighton Grain, Inc., 229 Kan. 272, 624 P.2d 952, 958-59 (1981); Klockner v. Keser, 29 Colo. App. 476, 488 P.2d 1135, 1137 (1971): Taylor v. Alston, 79 N.M. 643, 447 P.2d 523, 524 (1968); see also Lobato v. Pay Less Drug, Inc., 261 F.2d 406, 409 (10th Cir. 1958. See generally 3A W. Fletcher, Cyclopedia of the Law of Private Corporations § 1137. Instead, to be held liable a corporate director must specifically direct, actively participate in, or knowingly acquiesce in the fraud or other wrongdoing of the corporation or its officers. See, e.g., Bischofshausen, 700 P.2d at 908-09; Speer, 624 P.2d at 958-59; Grayson v. Nordic Construction Co., 92 Wash.2d 548, 599 P.2d 1271, 1274 (1979); Fure v. Sherman Hospital, 55 Ill. App. 3d 572, 371 N.E.2d 143, 144, 13 Ill. Dec. 448 (1977); Kockner 488 P.2d at 1137; Taylor, 447 P.2d at 524; see also Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1020 (9th Cir. 1985), cert. denied, 474 U.S. 1059, 106 S. Ct. 802, 88 L. Ed. 2d 778 (1986); Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir. 1980); Lobato, 261 F.2d at 409. See generally 3A W. Fletcher, §§ 1137, 1150.

L.B. Industries, Inc. v. Smith, 817 F.2d 69, 71 (1987).

The original Complaint and Affidavits submitted by Brooks well allege that Gregg and Skip Motsenbocker personally mislead him. (Complaint at ¶¶ 14, 21, 22, 25, 88, 92, 102, 114; Exh. A, Brooks Declaration at ¶¶ 2-5.) If the jury credits Mr. Brooks, his associates, and various impartial witnesses that the Motsenbockers indeed made these misleading statements, then the jury would most likely hold the Motsenbockers personally liable under the above-quoted principle of corporate officer personal liability.

The cases Defendants cite to on page 8 of their Memorandum either are inapposite or do not stand for the propositions claimed. Apparently, Defendants came across one unreported Hawaii decision (<u>Tachera v. United Airlines</u>, 1989 WL 142928 (D. Hawaii 1989)) that contained some language about officer personal liability and then proceeded to cite to its citations without actually reading <u>Tachera</u> or any of the cases it cites.  <u>Simmons v. Navajo County</u> 2008 WL 343292, *5 (D.Ariz. 2008) (a question of § 1983 liability of government employees, not corporate officers); <u>White v. FedEx Corp.</u>, 2006 WL 618591, *10-11 (N.D. Cal. 2006) (no evidence at all of corporate officer knowledge or participation in wrongful acts); <u>Kerr v. Rose</u>, 216 Cal.App.3d 1551 (1990) (employees of a corporation cannot conspire with the corporation so that conspiracy count dismissed); <u>Tachera v. United Airlines</u>, 1989 WL 142928 (D. Hawaii 1989) (no fraud claim against officers could be supported by the evidence); <u>Lucas v. Liggett & Meyers Tobacco Co.</u> 50 Haw. 477 (1968) (concerned a question of when is a corporation liable for its agent's wrongdoing); <u>Cruikshank v. U.S.</u>, 431 F.Supp 1355, 1358 (D. Hawaii. 1977) ("an employer is liable for the intentional torts of his employee if the employee was motivated by a desire to help his employer"); <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336 (9th Cir. 1987) (under California wrongful discharge actions, conduct privileged if motivated by desire to benefit principal); <u>Monroe v. Consolidated Freightways, Inc.</u>, 654 F.Supp. 661 (E.D. Mo. 1987)

(plaintiff failed to show entitlement to relief under Missouri law).

## II. Personal Jurisdiction Defeated by Moving Out-of-State

Defendant Skip Motsenbocker argues that the Court no longer has personal jurisdiction over him since he moved out-of-state in December 2007—"Skip Motsenbocker has taken a new job in Missouri, no longer is an officer of MAD, Inc., and no longer resides within this Court's jurisdiction in California."  The law is quite the opposite.  Since no applicable federal law of personal jurisdiction governs this matter, the Court must look to California law.  <u>Dole Food company, Inc. v. Watts</u>, 303 F.3d 1104, 1110 (9th Cir. 2002).  Under California law, since Skip Motsenbocker was a resident of California when suit was filed and when served, the Court has personal jurisdiction over him.  <u>Owens v. Superior Court of Los Angeles County</u>, 52 Cal. 2d 822, 827; 345 P.2d 921, 922 (Cal Sup. Ct. 1959).  Mr. Skip Motsenbocker never denies residing in California when suit was filed.  The affidavit of service shows he was served in California.  (Exh. B, Affidavit of service on Skip Motsenbocker.)

                                          Respectfully submitted,

DATED:  10 September 2008         __/s/ Michael Trevelline_____
                                              Michael J. Trevelline, *Pro Hoc Vice*
                                              1823 Jefferson Place, NW
                                              Washington, DC  20036-2504
                                              Telephone:  (202) 737-1139
                                              Fax:  (202) 775-1118

Email:  mjt@mjtlegal.com

Peter Shenas, Esq. (SBN 029348)
THE LAW OFFICES OF PETER SHENAS
750 B Street, Suite 2510
San Diego, California 92101
Telephone: (619) 236-1828
Facsimile: (619) 795-7783
Email: peter@shenaslaw.com

Attorneys for Plaintiffs George A. Brooks & Brooks Industries, Inc.

## Certificate of Service

I, Michael Trevelline, declare that:

I am employed in and a resident of the District of Columbia.  I am over the age of eighteen years and not a party to the action.  My business address is 1823 Jefferson Place, NW, Washington, DC  20036.

On 10 September 2008, I caused to be served the following document(s):

Opposition to Defendants Gregg & Skip Motsenbocker's Motion for Summary Judgment

Notice will be delivered to:

> Patrick D. Webb, Esq.
> Webb & Carey
> Attorney for Motsenbocker Advanced Developments, Inc.; Gregg Motsenbocker; Skip Motsenbocker.

XXX   BY ELECTRONIC SUBMISSION of the document(s) via Portable Document Format (.pdf), by uploading such documents using court's CM/ECF system case filing which automatically generates a Notice of Electronic Filing or NEF which allows registered e-filers to retrieve the documents(s) automatically.

XXX   I declare that I am employed in the office of a member of the bar of this Court (pro hoc vice) at whose direction the service was made.

Executed  10 September 2008, at Washington, D.C.

   /s/ Michael J. Trevelline
Michael J. Trevelline

Attorneys for Plaintiffs George A. Brooks & Brooks Industries, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE A. BROOKS, ET AL<br><br>   Plaintiffs,<br><br>   vs.<br><br>MOTSENBOCKER ADVANCED DEVELOPMENTS, INC. ET AL<br><br>   Defendants. | Case No. 2008 CV 0378 BTM (NLS)<br>Judge Barry Ted Moskowitz<br>Magistrate Judge Nita L. Stormes |

# Index of Exhibits

**Tab   Description**                                                                                           **Page**

A.   Declaration of George Brooks ............................................................................... 1

B.   Affidavit of Service on Skip Motsenbocker ............................................................ 4

C.   Statement of Material Facts in Dispute ................................................................. 7